SUMMONS ISSUED

CV-11 4032

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 19 2011 ★
LONG ISLAND OFFICE

John Phillipson individually and
on behalf of all others similarly situated

)
)  SPATT, J.
Plaintiff,                          )
)  No.
v.                                  )       TOMLINSON, M
)
Jacob Collection Group, LLC and     )  CLASS ACTION COMPLAINT
Security Credit Services, LLC       )
)
Defendant.                          )  JURY DEMANDED

Class Action Complaint for Violations of the Fair Debt Collection Practices Act

Introduction

1. Plaintiff John Phillipson ("Plaintiff" or "Phillipson") files this Complaint seeking redress for the illegal practices of Defendants, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Parties

2. Plaintiff John Phillipson is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for a

credit card used for the purchase of household and personal products, no part of which was incurred for business related items or services of any nature.

5. Defendant Jacob Collection Group, LLC (hereinafter "Jacob") is a limited liability company which is regularly engaged in the collection of debts allegedly due to others. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Security Credit Services, LLC is a limited liability company which is regularly engaged in the collection of debts allegedly due to others. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

7. Defendants are "debt collectors," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

12. Plaintiff had a credit card issued by Wells Fargo bank.

13. Plaintiff was not able to pay the balance due on the credit card, and defaulted in the payment of the credit card. (the debt)

14. At some point after the Plaintiff's default, Defendant Security Credit Services LLC (SCS) purchased the right to collect the debt from Plaintiff.

15. Interest on the debt continues to accrue per diem.

16. SCS utilized the services of debt collector Jacob Collection Group, LLC to help collect the debt.

17. Plaintiff has never had any relationship of any nature with either of the Defendants other than the Defendants' attempts to collect the debt.

18. On or about May 4, 2011 Defendants sent an initial letter to Plaintiff, a copy of which is attached as Exhibit A, in an attempt to collect the debt. The full content of Exhibit A is incorporated herein.

19. Exhibit A fails to identify the name of the current creditor in violation of 15 USC 1692g(a)(2), 15 USC 1692e and 15 USC 1692e(10).

20. Exhibit A states that the balance that is owed on the debt is $6,535.18. Exhibit A fails to inform the consumer that interest is accruing on the debt each day. As such, Exhibit A fails to provide the consumer with the amount of the debt as required by 15 USC 1692g(a)(1).

21. Exhibit A falsely indicates that the Plaintiff can satisfy the debt in full by paying the balance of $6,535.18. Exhibit A states:

> *You may also make a payment by mailing a certified check, money order or credit card payment to P.O. Box 948, Oxford, MS 38655-0948. Further, you may make a secure credit card payment online at WWW.jacoblawgroup.com.*

and

*If you wish to pay by credit card, fill in the information below and return the entire letter to us.*

22. Exhibit A is deceptive in that it falsely indicates that if the Plaintiff paid $6,535.18 the debt would be fully paid. That is not true. As per diem interest continued to accrue on the account, Plaintiff's payment of $6,535.18 would not have fully satisfied the bill. Informing the Plaintiff that he has the ability to pay the $6,535.18 without telling the Plaintiff that payment of such will not fully satisfy the balance owed is false and deceptive and a violation of 15 USC 1692e, and 15 USC 1692e(10).

23. The least sophisticated consumer reading Exhibit A would believe that they had an indefinite amount of time to pay $6,535.18 to fully pay the alleged obligation, while in fact that was not true as the amount of the debt was increasing each day.

24. Failing to inform the Plaintiff that interest is continuing to accrue on the debt, and indicating that Plaintiff can fully satisfy his obligation by paying $6,535.18 violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10),15 USC 1692g(a)(1).

25. Exhibit A is a form letter.

26. Upon information and belief, Defendants sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York.

27. On May 4, 2011 Defendants also sent the Plaintiff the document attached as Exhibit B, The full content of Exhibit B is incorporated herein.

28. Exhibit B was sent to Plaintiff in the same envelope as Exhibit A.

29. The envelope that contained Exhibit A and Exhibit B contained no other documents.

30. Exhibit B falsely informs the Plaintiff that the Defendants are permitted to share non-public information about the Plaintiff with others.

31. Exhibit B contains objectively false statements about the Plaintiff's privacy rights under the Fair Debt Collection Practices Act. (15 USC 1692 et seq).

32. Exhibit B falsely informs Plaintiff that the Defendants are permitted to share the Plaintiff's account balance, transaction history, social security number, payment history and assets with virtually anyone Defendants choose.

33. Exhibit B falsely informs Plaintiff that Plaintiff cannot stop the Defendants from sharing information about the Plaintiff with others.

34. The FDCPA prohibits debt collectors from disclosing any information about consumers except under very limited circumstances.

35. Exhibit B can be read by the least sophisticated consumer as a threat to disclose Plaintiff's person account information to third parties in direct violation of the FDCPA.

36. Exhibit B can be read by the least sophisticated consumer as a threat by Defendants to communicate with third parties about the consumer.

37. Exhibit B can be read by the least sophisticated consumer as a threat by Defendants to inform the consumer's employer that the consumer owes a debt.

38. Exhibit B does not identify Defendant Security Credit Services, LLC as a debt collector as is required by 15 USC 1692e(11).

39. Exhibit B does not provide any of the notices required by 15 USC 1692e(11).

40. Exhibit B does not provide any of the notices required by 15 USC 1692g.

41. Exhibit B falsely informs the Plaintiff as to his rights under the FDCPA.

42. Exhibit B violates the FDCPA of 15 USC 1692e, 15USC 1692e(2); 15 USC 1692e(5); 15 USC 1692e(10),15 USC 1692d; 15 USC 1692f, 15 USC 1692c(b), and 15 USC 1692f(1).

43. Exhibit B is a form letter.

44. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in Exhibit B to hundreds of consumers in New York.

45. Collection letters, such as Exhibit A and Exhibit B, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

### *Class Action Allegations*

46. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

6

    d.    Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e.    Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

47. A class action is superior for the fair and efficient adjudication of the class members' claims.

48. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

49. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

50. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

51. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

52. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendants' records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to **Exhibit A** and/or **Exhibit B** (d) which was not returned by the postal service as undelivered.

53. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

### Violations of the Fair Debt Collection Practices Act

54. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

55. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 1692g(a)(2), 1692g(a)(1), 15 USC 1692e 15 USC 1692e(2)(a), and 15 USC 1692e(10).

56. By sending Exhibit B, Defendant violated numerous provisions of the FDCPA, including 15 USC 1692e, 15USC 1692e(2)(a); 15 USC 1692e(5); 15 USC 1692e(10),15 USC 1692d; 15 USC 1692f, 15 USC 1692c(b), 15 USC 1692g(a) and 15 USC 1692e(11).

**WHEREFORE,** Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
August 18, 2011

                                          RESPECTFULLY SUBMITTED,

                                          _____

                                          Joseph Mauro, Esq.
                                          The Law Office of Joseph Mauro, LLC
                                          306 McCall Ave.
                                          West Islip, NY 11795
                                          (631) 669-0921



# Jacob Collection Group, LLC

P O Box 948
Oxford MS 38655-0948

RETURN SERVICE REQUESTED

ATTORNEYS AT LAW
2623 West Oxford Loop
Oxford, MS 38655-5442
Toll Free 1-(877)-238-2868

May 4, 2011

487545-JLGVAL   539893000
|l·l|пιнι|lιl|···|l·|ιl|ιιιl|ι|·|·|ι|l|ιι·l|lιι·|lιlιn·l|ι|·|
JOHN PHILLIPSON
51 E 17th St
Huntington Station NY 11746-2914

PO Box 948
Oxford MS 38655-0948
|ιιll·l·l··l|lιιιl·l·l·ll·ll·ιιl·l·ιιl·ιιll·l·l·ιl··ll·ιl·l|ιιιl

Account#: 487545
Balance: $6535.18

---

***Detach Upper Portion and Return with Payment***

Re:   Jacob #:   487545          Original Creditor:    WELLS FARGO
      Balance:   $6535.18        Original Account #:   4465420158925347
                                 Account Type:         CORE PLATINUM

Dear JOHN PHILLIPSON:

Please accept this correspondence as notice that Jacob Collection Group, LLC has been retained to collect the above-referenced account, which is presently past due and owing in the amount, indicated above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you wish to make appropriate financial arrangements to pay this debt, please contact an account representative at Jacob Collection Group, LLC to discuss your account, make credit card payment or a check-by-phone payment. You may also make a payment by mailing a certified check, money order or credit card payment to P.O. Box 948, Oxford, MS 38655-0948. Further, you may make a secure credit card payment online at www.jacoblawgroup.com. Our office is open Monday through Friday, between 8 am and 9 pm central time and Saturday, between 8 am and 12 pm central time.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Sincerely yours,

Jacob Collection Group, LLC

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

If you wish to pay by credit card, fill in the information below and return the entire letter to us.    ☐ VISA  ☐ MC  ☐ ▮
                                                                                                              Cards

| Account Number | Payment Amount | Expiration Date |
|---|---|---|
| | | | | | | | | | | | | | | | $ | ___/___ |

Card Holder Name                    Signature of Card Holder                    Date
RONJACO01JLGVAL

### CALIFORNIA
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

### COLORADO
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

### MASSACHUSETTS
### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

### NEW YORK CITY
New York City Department of Consumer Affairs License Number: 1246183.



Rev. 02/2011

| FACTS | WHAT DOES SECURITY CREDIT SERVICES, LLC AND AFFILIATES DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| Why? | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| What? | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>• **Social Security Number** and **Assets**<br>• **Account Balances** and **Payment History**<br>• **Transaction History** |
| How? | All financial companies need to share **customers'** personal information to run their everyday business. In the section below, we list the reasons financial companies can share their **customers'** personal information; the reasons **Security Credit Services, LLC and Affiliates** chooses to share; and whether you can limit this sharing. |

| Reasons we share personal information | Does Security Credit Services, LLC and Affiliates share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes –** Such as: to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | YES | NO |
| **For our marketing purposes –** to offer our products and services to you | YES | NO |
| **For joint marketing with other financial companies** | YES | NO |
| **For our affiliates' everyday business purposes –** information about your transactions and experiences | YES | NO |
| **For our affiliates' everyday business purposes –** information about your creditworthiness | NO | We don't share |
| **For our affiliates to market to you** | NO | We don't share |
| **For our nonaffiliates to market to you** | YES | YES |

| To limit Our Sharing | Mail the form below<br>**Please note:** If you are a *new* customer, we can begin sharing your information 30 days from the date we sent this notice. When you are *no longer* our customer, we continue to share your information as described in this notice. However, you can contact us at any time to limit our sharing. |
|---|---|
| Question? | Call Security Credit Services, LLC at 877/995-9197 |

| Mail-in Form | Mark any/all you want to limit: |
|---|---|
| If you have a joint account, your choice will apply to everyone on your account unless you mark below<br>☐ Apply my choice only to me. | ☐ Do not share my personal information with non-affiliates to market their products or services to<br>**Name**<br>**Address**<br>**City, State, Zip** |
| Mail to: | Security Credit Services, LLC and Affiliates, PO Box 1156, Oxford, MS 38655 |

Page 2

| | |
|---|---|
| Who is providing this notice? | SECURITY CREDIT SERVICES, LLC AND AFFILIATES |

| | |
|---|---|
| How does **Security Credit Services and Affiliates** protect my personal information? | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| How does **Security Credit Services and Affiliates** collect my personal information? | We collect your personal information, for example, when you<br>• **pay your bills or provide employment information**<br>• **provide account information** or provide your mortgage information<br>• **pay us by check**<br>We also collect your personal information from others, such as credit bureaus, affiliates or other companies. |
| Why can't I limit all sharing? | Federal law gives you the right to limit only<br>• sharing of affiliates' everyday business purposes – information about your creditworthiness<br>• affiliates from using your information to market to you<br>• sharing for nonaffiliates to market to you<br>State laws and individual companies may give you additional rights to limit sharing. |
| What happens when I limit sharing for an account I hold jointly with someone else? | **Your choices will apply to everyone on your account – unless you tell us otherwise.** |

| | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial or nonfinancial companies. |
| | Definitions include our affiliate companies listed below. |
| **Nonaffiliates** | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br>• *Non affilates we share with can include direct marketing companies, consumer loan companies, and insurance companies* |
| **Joint marketing** | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br>• *Our joint marketing companies include consumer loan companies and insurance companies.* |

**Affiliates of Security Credit Services, LLC**

This notice is provided on behalf of Security Credit Services, LLC and its affiliates which include:

| | | |
|---|---|---|
| American Debt Purchasing Pool 0104, LLC | American Debt Purchasing 0610, LLC | American Debt Purchasing Parallel II Pool 0209, LLC |
| American Debt Purchasing Pool 0905, LLC | Michael T. Lewis Debt Pool 0907, LLC | American Debt Purchasing Reinvestment Pool 0907, LLC |
| American Debt Purchasing Pool 0907, LLC | White Purchasing Pool 1109, LLC | American Debt Purchasing Reinvestment Pool 0908, LLC |
| American Debt Purchasing Pool 0908, LLC | American Debt Purchasing Parallel Pool 0907, LLC | American Debt Purchasing Reinvestment Pool 0209, LLC |
| American Debt Purchasing Pool 0209, LLC | American Debt Purchasing Parallel Pool 0908, LLC | American Debt Purchasing Reinvestment Pool 1109, LLC |
| American Debt Purchasing Pool 1109, LLC | American Debt Purchasing Parallel Pool 0209, LLC | |

RONJACO01JLGVAL-539893000