UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Phillipson individually and on behalf of all others similarly situated | ) ) ) |
| Plaintiff, | ) ) No. 11-4032 (ADS) (AKT) |
| v. | ) ) |
| Jacob Collection Group, LLC and Security Credit Services, LLC | ) ) ) |
| Defendant. | ) ) |

**Memorandum in Support of Plaintiff's Motion to Strike
Defendants' Affirmative Defenses Asserting
Bona Fide Error**

**Introduction**

Plaintiff, brought this lawsuit alleging that Defendants utilize debt collection letters that fail to comport with specific notice requirements and that illegally threaten to disclose consumers personal financial information. Plaintiff has sued for violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq., (hereinafter FDCPA)  Each of the Defendants has interposed an Answer containing affirmative defenses based on "bona fide error" but neither defendant has provided any facts in their respective answers relating to the purported defense.[1] Plaintiff is moving pursuant to Federal Rule of Civil Procedure 12(f) to strike the affirmative defense in each answer.

The affirmative defense as plead fails to provide Plaintiff with "fair" notice of the defenses being advanced. The defenses as plead do not meet the pleading requirements of

1

*Ashcroft v. Iqbal*, 566 U.S. \_\_\_, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Both Answers just parrot the affirmative defense language contained in the FDCPA, 15 USC 1692k(c), and contain no factual assertions whatsoever.

Nor does either Answer meet the Second Circuit pleading requirements even pre-*Iqbal/Twombly*. Neither Defendant provides <u>any</u> facts whatsoever related to what the "bona fide error" might be. Both Answers contain just a bald legal assertion. It is impossible for Plaintiff to address these asserted defenses without notice of what they are.

Again, without any notice, Plaintiff's ability to litigate is prejudiced. Plaintiff should not have to guess as to what Defendants' legal conclusions are based on.

It appears that the Defendants do not intend on amending their answers at this point. Plaintiff has previously informed Defendants of the pleading deficiencies, provided the relevant case law, and requested that the Defendants amend their respective answers. Neither Defendant has chosen to do so. (See Exhibit A)

**I.     <u>Motion to Strike Standard</u>**

Although motions to strike are "generally disfavored," *F.D.I.C. v. Pelletreau & Pelletreau*, 965 F.Supp. 381, 389 (E.D.N.Y. 1997), a court should strike a defense where it is clearly insufficient as a matter of law.  Fed.R.Civ.P. 12(f).  A motion to strike should be granted where: (1) "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense"; (2) there is no substantial question of law, the resolution of which could allow the defense to succeed; and (3) plaintiff would be prejudiced by the inclusion of the defense.  *Pelletreau & Pelletreau*, 965 F.Supp. at 389 (internal quotation

marks and citations omitted).

"Increased time and expense of trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike." *Id.*; *see also F.D.I.C. v. Eckert Seamans Cherman & Mellott*, 754 F.Supp. 22, 23 (E.D.N.Y. 1990).

## II. The *Iqbal/Twombly* Pleading Requirements Apply to Affirmative Defenses

The Supreme Court's decisions in *Ashcroft v. Iqbal*, 566 U.S. ___ (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007), require that pleadings contain sufficient facts to make the allegations "plausible." The large majority of courts that have reviewed the issue have concluded that the *Iqbal/Twombly* pleading requirements apply to affirmative defenses. [2]

In *Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009), the Court noted:

> Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f). *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008). [13] *See also FSP, Inc. v. Societe Generale*, 2005 U.S. Dist. LEXIS 3081, 2005 WL 475986, *8 (S.D.N.Y. 2005) ("[a] motion to strike an affirmative defense, pursuant to Fed. R. Civ. P.

---

[2] *See Bradshaw v. Hilco Receivables, LLC*, 2010 WL 2948181 (D. Md. July 27, 2010); *Racick v. Dominion Law Associates*, 2010 WL 3928702 (E.D.N.C. Oct. 6, 2010); *Francisco v. Verizon South, Inc.*, 2010 WL 2990159 (E.D. Va. July 29, 2010); *Castillo v. Roche Laboratories Inc.*, No. 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010); *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program,* 2010 WL 2507769 (N.D. Cal. June 22, 2010); *HCRI TRS Acquirer, LLC v. Iwer,* 708 F. Supp.2d 687 (2010); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kans. 2009); *In re Mission Bay Ski & Bike, Inc.*, Nos. 2009 WL 2913438 (Bkrtcy. N.D. Ill. Sept. 9, 2009). *Topline Solutions v. Sandler Systems, Inc.*, 2010 WL 2998836 (D. Md. July 27, 2010); *Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179 (W.D. Va. June 24, 2010) But see, *Ameristar Fence Products, Inc. v. Phoenix Fence Co.*, 2010 WL 2803907 (D. Ariz. July 15, 2010); and *Holdbrook v. SAIA Motor Freight Line, LLC*, No., 2010 WL 865380 (D. Colo. March 8, 2010).

> 12(f), is also governed by the same standard applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)"); *Solvent Chem. Co. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("[t]he standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim").

In *Dayton Superior Corp. v. Marjam Supply Co.*, 07 CV 5215 (DRH)(WDW) 2011 U.S. Dist. LEXIS 17221 (E.D.N.Y. Feb. 22, 2011), this Court has recently noted:

When considering the "sufficiency of a defense" under the first two prerequisites, "courts apply the same standard applicable to a motion to dismiss pursuant to Rule 12(b)(6)." *Coach, Inc. v. Kmart Corps.*, 2010 U.S. Dist. LEXIS 122326, 2010 WL 4720325, at *2 (S.D.N.Y. Nov. 16, 2010)

### III. **Defendants "Bona Fide Error" Affirmative Defense Fails to Meet the *Iqbal/Twombly* Standard**

The FDCPA, 15 USC 1692k(c), contains an affirmative defense for violations of the FDCPA that occurred due to a "bona fide error." Both Defendants include an affirmative defense that merely recites the statutory language contained in 15 USC 1692k(c).[3] Again, the Defendants do not provide <u>any</u> factual basis whatsoever for the assertion of this defense. The lack of any factual predicate makes it impossible for the Plaintiff to know how to litigate the matter. A pleading that merely parrots statutory language is precisely what the Supreme Court sought to

---

[3] Jacob Collection Group, LLC's affirmative defense reads simply: *"Defendant assert the bona fide error defense set forth in 15 U.S.C. 1692k(c)."* Security Credit Services, LLC's affirmative defense reads simply: *"If a violation of any section of the Federal Fair Debt Collection Practices Act ("FDCPA") is found, said violation is a trivial and unintentional violation of the FDCPA which resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."*

4

prevent in *Iqbal/Twombly*. A pleading of this nature provides the Plaintiff with no notice as to what is being asserted, and is "implausible" pursuant to the Supreme Court standard.

In *Bradshaw v. Hilco Receivables, LLC*, 2010 WL 2948181 (D. Md. July 27, 2010) the Court addressed a similarly bare bones "bona fide error" defense in an FDCPA case. In striking the defense based on *Iqbal/Twombly*, the Court stated:

> In paragraph 51 of its Answer, Hilco cites the "bona fide error" defense, based upon Section 813(c), *15 U.S.C. § 1692k(c)*, of [**12] the Fair Debt Collection Practices Act (FDCPA), which states that a debt collector is shielded from liability under the Act upon a showing, by a preponderance of the evidence, that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Paragraph 51 of Hilco's Answer must be stricken because it was not plead with sufficient particularity under *Fed. R. Civ. P. 9(b)*. In support of this affirmative defense, Hilco has merely copied the language of *§1692k(c)*, and has not plead facts that would give Bradshaw sufficient notice of specific mistake that Hilco is referencing.

*In Racick v. Dominion Law Associates*, 270 F.R. D. 228, 235; 2010 U.S. Dist. LEXIS 107105 (WDNC 2010), the struck the Defendant's bona fide error pleading, stating:

> Defendants' fourth affirmative defense contends: [**19] "Any violation of law by defendants, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Answer [DE-5] at p. 9. HN14Defendants have essentially copied the language in 15 U.S.C. § 1692k(c), but have not provided any notice of the specific error upon which it relies to assert the defense. Consequently, Defendants' fourth affirmative defense is stricken with leave to amend to cure this pleading deficiency. See Bradshaw, 725 F.Supp.2d at 537-38, 2010 U.S. Dist. LEXIS 75553, 2010 WL 2948181 at *4. Of course, any attempt to replead the affirmative defense of bona fide error must be in accordance with the Supreme Court's recent ruling that the defense does not apply "to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, ___ U.S. ___, 130 S.Ct. 1605, 1608, 176 L. Ed. 2d 519 (2010).

The Defendants' bona fide error defenses should be stricken as they fail to meet the Supreme Court's pleading requirements.

5

### IV. The Defendants' Bona Fide Error Defenses Fail to Meet the Second Circuit Pleading Requirements Even Pre-*Iqbal/Twombly*

Even before *Iqbal/Twombly*, the Defendants' pleadings would be insufficient as a matter of law. In addressing the pleading requirements of Rule 8, the Second Circuit has noted: "[t]he statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Neither Defendant provides any facts whatsoever related to their mitigation of damages defense, nor to their bona fide error defense. Reciting a boilerplate affirmative defense without any factual basis is clearly improper and should be stricken. *Schechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996)

The Second Circuit has read Rule 8 to require that affirmative defenses contain at least a short and plain statement of any facts supporting the defense. *Schechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996); also see *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,*, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses stricken for barebone and conclusory allegations). The Second Circuit in *Schechter* stated:

> Affirmative 'defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.' *National Acceptance Co. of Am. v. Regal Prods., Inc.,* 155 F.R.D. 631, 634 (E.D. Wis. 1994).

In *Fannie Mae v. Olympia Mortg. Corp.*, 2007 U.S. Dist. LEXIS 78308 (E.D.N.Y. Oct.

6

22, 2007), this Court stated: "Merely pleading a defense, without factual allegations, is insufficient. *Daiwa Special Asset Corp. v. Desnick*, No. 00-3856, 2002 WL 1997922, at *12 (S.D.N.Y. Aug. 29, 2002); *Obabueki v. Int'l Bus. Machines Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001)".

The Defendants' affirmative defenses asserting bona fide error should be should be stricken as they fail to meet proper pleading requirements, and prejudice Plaintiff's ability to litigate. Plaintiff should not have to guess as to the meaning of the purported defense.


Dated: West Islip, NY
October 22, 2011

                                                **S//JOSEPH MAURO**
Joseph Mauro
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip NY 11795
(631) 669-0921

*CERTIFICATE OF SERVICE*

I, JOSEPH MAURO an attorney, hereby certify that I caused to be served on the following counsel(s) of record the attached MOTION, NOTICE OF MOTION, and MEMO of LAW on October 22, 2011


Via ECF

Arthur Sanders, Esq.
Matthew Tracy, Esq.


Dated: West Islip, New York
        October 22, 2011


        S// <u>JOSEPH MAURO</u>
         **Joseph Mauro**

# EXHIBIT A

# Bona fide error affirmative defense

From: **Joseph Joseph Mauro** (joemauroesq@hotmail.com)
Sent: Wed 10/19/11 10:42 AM
To: Arthur Sanders (asanders@melharrislaw.com); 'Matthew tracy' (tracy.m@wssllp.com)

  2 attachments
Bradshaw_v._HILCO.pdf (145.1 KB) , Racick.pdf (152.7 KB)

Gentlemen,

I noticed that both Defendants have interposed the Bona Fide Error affirmative defense, 15 USC 1692k (c).

However neither Defendant has included any description of the error or any alleged facts relating to the proposed affirmative defense. Plaintiff will consent to the Defendants amending their answers to include the facts upon which this proposed defense lie. In this regard I would refer you to the following cases: *Bradshaw v. Hilco Receivables, LLC*, 2010 WL 2948181 (D. Md. July 27, 2010); : *In Racick v. Dominion Law Associates*, 270 F.R. D. 228; 2010 U.S. Dist. LEXIS 107105 (WDNC 2010). (I've attached both cases for your convenience).

The bottom line is that I need to have notice of what the bona fide error that you are alleging actually is?

Because I believe I would need to make a motion to strike by next Monday I would respectfully request that if you intend to file an amended answer that you do so by Friday.

Thank you,

Joe Mauro

The Law Office of Joseph Mauro, LLC

306 McCall Ave.

West Islip, NY 11795

(631) 669-0921

(631) 669-5071 (fax)


joemauroesq@hotmail.com